Franklin LAWSON, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 67–C–57–A.

United States District Court
W. D. Virginia,
Abingdon Division.

Dec. 1, 1967.

Reno S. Harp, III, Asst. Atty. Gen.,
Richmond, Va., for respondent.

No appearance for petitioner.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Franklin Lawson, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*.

Petitioner is now being detained pursuant to a judgment of the Circuit Court of Tazewell County rendered on October 3, 1958 wherein petitioner was sentenced to life imprisonment, having been convicted of murder in the first degree.

■ Petitioner did not appeal his conviction. He sought state habeas corpus relief which was denied on October 24, 1966 following a plenary hearing before the Circuit Court of Tazewell County. On April 26, 1967 the Supreme Court of Appeals affirmed the Circuit Court's judgment. Therefore, petitioner is properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interperted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

During July 1958, petitioner was arrested on a warrant charging him with the felonious shooting and wounding of Henry Billips. Subsequently, petitioner's victim died of the wounds inflicted by petitioner and on August 19, 1958 petitioner was indicted for murder. Petitioner obtained counsel and on September 5, 1958 was brought to trial. Petitioner pleaded guilty on the advice of counsel and was tried to the court without a jury. The court then heard part of the evidence and continued the case until September 19, 1958 for the taking of further evidence. On September 19, 1958 the evidence and trial was concluded and the court found petitioner guilty of murder in the first degree. On October 3, 1958 petitioner was sentenced to life imprisonment upon the trial judge's examination of a detailed presentence report. Petitioner claims that he is entitled to habeas corpus relief on the following grounds:

1. Petitioner contends that he was not given a preliminary hearing.

2. Petitioner contends that no warrant charging petitioner with murder was ever served on him.

3. Petitioner contends that he was denied the right to appeal.

4. Petitioner contends that he was not advised of the consequences of a plea of guilty or of his right to a trial by jury.

5. Petitioner contends that he was inadequately represented by counsel.

■■ Petitioner's first contention is that he was denied a preliminary hear-ing. Petitioner, however, does not have a constitutional right to a preliminary hearing, Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965), Dillard v. Bomar, 342 F.2d 789 (6th Cir. 1965), Barrett v. United States, 270 F.2d 772 (8th Cir. 1959), and, therefore, he is not entitled to habeas corpus relief on this basis. As the court said in Collins v. Beto, 245 F.Supp. 639, 640 (S.D.Tex.1965):

"[E]ven if he developed the facts as to it (the present contention), no constitutional deprivation would emerge. A preliminary hearing prior to indictment or trial is not a constitutional right which, if denied, would require defendant's release on habeas corpus."

"The right to a preliminary hearing * * * only becomes a Federal Constitutional guarantee by the equal protection clause of the Fourteenth Amendment because it is a part of the due process of the State." Silva v. Cox, 351 F.2d 61, 64 (10th Cir. 1965); Accord, Guerra v. Rodriguez, 372 F.2d 472 (10th Cir. 1967). In 1958 at the time of the petitioner's trial there was no statutory provision for a preliminary hearing in Virginia and, therefore, the failure of the state to give him a preliminary hearing could not have denied him the equal protection of the laws.

■ Petitioner further contends that he is entitled to habeas corpus relief on the grounds that no warrant charging him with murder was ever issued. On July 12, 1958 a warrant was issued for petitioner's arrest charging him with felonious shooting and wounding. However, the victim subsequently died after petitioner was apprehended and he was indicted for murder. The court finds this claim is without merit. At the time the original warrant was issued petitioner's victim had not died and the warrant properly charged him with felonious shooting and wounding. Upon the victim's subsequent death there was no need to issue a second warrant charging petitioner with murder because he was already properly imprisoned and subject to answer the charges against him under the original warrant.

■ Petitioner also claims that he was denied due process in that he was allegedly denied the right to appeal. Petitioner apparently bases this contention on the fact that his attorney failed to appeal the case after petitioner allegedly requested him to. However the evidence does not establish that there ever was any request for an appeal. Petitioner's testimony at the state habeas corpus hearing on this point is inconsistent. He first testified that he was never informed of his right of appeal and then testified that he asked his attorney to appeal the case. Petitioner's trial attorney testified that he did not recall discussing an appeal. Furthermore, petitioner even admitted at the state habeas hearing that after he was sent to prison he did not ask his attorney to appeal. Had petitioner initially requested an appeal, it appears likely that he would have again made that request after he was imprisoned. Moreover, there is no allegation or evidence that petitioner's attorney refused to appeal. The evidence merely indicates that no appeal was taken and we, therefore, find that petitioner was not deprived of any constitutional rights.

■ Petitioner's contention that the trial attorney did not advise him of his right to a jury trial or of the consequences of a plea of guilty is also without support in the evidence. In fact petitioner's testimony at the plenary hearing clearly rebuts both claims. In response to the question "What choices * * * did * * * (your attorney) advise you that you had?", petitioner stated: "Plead guilty in front of * * * (the judge), taking a chance of getting life, or go in front of the jury and get the chair." Petitioner's answer and the other testimony in the record establish that petitioner both knew he had a right to a trial by jury and that he was apprised of the consequences of a plea of guilty. However, other evidence shows that his attorney did not tell petitioner that the only sentence he could receive after a jury trial was death.

■ Petitioner's last allegation is that he was inadequately represented by counsel. However, no particular grounds for this claim were set forth in the petition. In order to obtain habeas corpus relief on this basis it is settled that petitioner must show that the representation afforded him was so lacking that the trial amounted to a farce and a mockery of justice, thereby depriving him of his constitutional rights. Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965); Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964); Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959). See Annot., 74 A.L.R.2d 1390, 1403 (1960). The evidence in this case shows that the petitioner's trial attorney went over the case thoroughly before trial, discussed the case with petitioner and with the Commonwealth's Attorney, questioned several witnesses and police officers and apprised the petitioner of the consequences of a guilty plea. The petitioner testified that his attorney did not discuss any defenses with him or cross-examine any witnesses. However, the testimony of his attorney indicates that he did. Furthermore, petitioner did not complain of any inadequate representation after the trial. Upon examination of these and other factors the court finds that petitioner's trial attorney acted in good faith and with ability, and that petitioner was not inadequately represented.

Therefore, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.