**Robert Everett JONES, Appellant,**

v.

**J. E. BAKER, Warden, Appellee.**

**No. 10099.**

United States Court of Appeals
Tenth Circuit.

Jan. 29, 1969.

Rehearing Denied March 17, 1969.

Arlen S. Ambrose of Hays & Thompson, Denver, Colo., for appellant.

Joseph F. Baca, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., was with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This case reaches us for the second time. In our earlier consideration we affirmed a judgment of the District Court for the District of New Mexico denying to appellant, a state prisoner, relief on his petition for a writ of habeas corpus. Although the trial judge had considered the contentions of appellant upon the merits and had made and entered appropriate findings and conclusions we affirmed solely on the ground that the petition was premature and so did not reach the merits. Jones v. Rodriguez (unreported), filed November 13, 1967. This second petition, raising no new substantive claims, was considered and denied by the trial court upon the original evidentiary record and the present appeal now properly presents the merits for this court's review.

Appellant is serving a sentence for the crime of robbery imposed after a plea of guilty to that offense. During the course of the robbery the victim was severely beaten and subsequently died. The plea was entered and accepted before the death of the victim but at a time when his demise was anticipated. Appellant now asserts that his plea, entered as it was under the shadow of the "gas pill", was not voluntary and that he was de-

nied the effective assistance of counsel in his decision to enter such plea. The latter contention is advanced both as a matter of fact and as a matter of law.

■ Substantial evidence supports the trial court's findings that appellant's plea was intelligently and voluntarily made and that he received, in fact, the effective assistance of counsel at all times. It is obvious, of course, that the lurking possibility of a murder prosecution would influence appellant's decision and the advice of counsel in such regard. Such a realistic circumstance could not do otherwise. But appellant was competently advised and understood the consequences of his plea including the opinion that such plea would not be a bar to a subsequent prosecution for murder. The record reveals no element of actual coercion in the entry of plea and no factual inadequacy of counsel in any regard amounting to a violation of appellant's federally guaranteed right to representation.

The remaining issue is whether appellant was denied the effective assistance of counsel as a matter of law because of an inherent conflict of interest of one of the two attorneys appointed for him. Appellant was represented in the state proceedings by both Mr. Watson, a practicing attorney, and Mr. Windham who was engaged in the private practice of law and also served as a part-time magistrate in the municipality of Carlsbad. Appellant testified at the evidentiary hearing that he had questioned the appointment of Windham but that after conference with both Watson and Windham he was persuaded that "he [Windham] was working for me." Since the record contains no indication that Mr. Windham had any specific conflict of interest in his capacity as magistrate with his private capacity as counsel for appellant the question is limited to whether his public office created, per se, a legal conflict. In such case no specific prejudice need be shown to substantiate a denial of the constitutional right. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

■ Under New Mexico law the jurisdiction of a municipal magistrate is limited to "offenses and complaints under ordinances of the municipality," § 37–1–2, N.M.S.A.1953,[1] and any attorney may be designated to serve as a municipal judge during the temporary incapacity of the regular judge, § 37–1–5, N.M. S.A.1953. The duties of the office do not dictate an inevitable clash of interest in a state prosecution before a state judge, under state law, and with state prosecutors and consequently we hold that the appointment of Mr. Windham as joint counsel for appellant did not abuse a federal constitutional right in this case. The Fourth Circuit has reached a similar result in Goodson v. Peyton, 351 F.2d 905, under circumstances considerably more disturbing than we here consider[2] but Chief Judge Haynsworth has emphatically pointed out the ethical implications and the complete and obvious undesirability of the appointment of public officials to serve in a private capacity in the representation of one accused of crime. We are in complete accord with the expressed views of Judge Haynsworth and join in his caution that the practice should not persist.

Affirmed.

---

1. The statute was amended in 1967 to eliminate the title magistrate and unify the designation of title as that of judge.

2. In *Goodson* the defendant was solely represented by a prosecutor from a neighboring county and the case went to trial.