Levi KELLY, Appellant,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Appellee.

No. 12952.

United States Court of Appeals
Fourth Circuit.

May 12, 1969.

No attorney for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Va., Richmond, Va., for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

Levi Kelly appeals from an order of the District Court (Dalton, J.) dismissing his petition for a writ of habeas corpus.

Petitioner is currently serving a sentence imposed in September, 1952 by the Corporation Court of Charlottesville, Virginia. After pleading not guilty to six counts of burglary, Kelly was tried by the court without a jury and found guilty of all six offenses. He did not appeal from the convictions, for which he received six consecutive five-year sentences.

In 1967, the petitioner sought habeas corpus relief in the Virginia courts. Relief having been denied, he has exhausted his state remedies.

The petitioner's first claim concerns his waiver of indictment. An arrest warrant was issued for each of the six burglary offenses. The record shows that across each warrant is a typed statement signed by the petitioner declaring that he has been informed of his right to trial under an indictment and that he expressly waives the right.

Kelly was tried upon the warrants. He now claims that he signed

the waiver of indictment in jail before trial solely because he did not have the advice of counsel. The record shows, however, that Kelly signed the waiver in open court after having been informed of his rights. The requirement of an indictment in Virginia is statutory and may be waived. Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368 (1952). Because there is no constitutional right to be tried on an indictment in a state criminal prosecution, Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1883), Kelly's allegation that his waiver was involuntary, even if true, does not state a claim on which federal relief may be granted.

■ The petitioner next contends that his statements admitting his involvement in the burglaries were made involuntarily. The police officer who questioned him testified at the state habeas hearing that the petitioner was fully informed of his rights and voluntarily signed the statements. Both the state court and the District Court found that the statements were voluntary, and the record supports their findings.

■■ Finally, the petitioner argues that he was deprived of the effective assistance of counsel. Kelly was represented at trial by E. C. Wingfield, who, as the record clearly indicates, was also the justice of the peace who signed Kelly's arrest warrants. Wingfield was thus involved on both sides of the case. As this court clearly stated in Goodson v. Peyton, 351 F.2d 905, 908 (4 Cir. 1965), a lawyer representing parties

> whose interests are conflicting cannot act with that degree of loyalty which effective representation requires. He cannot do so if he has conflicting commitments to other clients not on trial, *or if he is employed by the prosecuting sovereign and charged with duties relating to the investigation or prosecution of that case.* (Emphasis added.)

Here, Wingfield in his capacity as justice of the peace was responsible for determining that there was probable cause for Kelly's arrest before signing the warrants. Since Kelly waived indictment and was tried on the warrants, the prejudicial impact of the conflict of interest is clear—in defending Kelly, Wingfield might be obliged to attack the validity of the very warrants he had authorized.

■ The state court and District Court both determined that Wingfield was retained by Kelly's family rather than appointed by the court. That fact alone, however, does not negate the possibility of prejudice to the defendant.

> It is immaterial whether such counsel was appointed by the Court or selected by the accused, in the absence of facts constituting a waiver of the right. Craig v. United States, 217 F.2d 355 (6th Cir.1954).

At the state hearing, Wingfield testified that he informed Kelly of the conflict of interest at the time of trial. The defendant stated, however, that it was not until after his trial that he learned that the lawyer was not court-appointed, but had been employed by his relatives. He may therefore have believed that he had no choice but to accept Wingfield as his attorney.

■■ The waiver of a fundamental constitutional right is not ordinarily presumed, but must be shown through a development of the facts and circumstances surrounding each case. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The present record provides no basis for finding that Kelly intentionally relinquished a known right. Accordingly, a hearing should be held on the issue of the defendant's waiver of the conflict of interest.

■ The petitioner also claims that he was ineffectively represented because he had no contact with his lawyer until the morning of his trial. Whether a lawyer is retained or appointed, he has an obligation to discuss the facts of the case and possible defenses with his client before going to trial. See Wilson v. Rose, 366 F.2d 611 (9th Cir.1966). Here, there may have been inadequate

time to do so. Although this issue was raised and argued at the state level and raised again before the District Court, the District Court did not deal with it in its opinion. On remand, therefore, this issue should also be considered by the District Court.

The order of the District Court is vacated as to the claim of ineffective assistance of counsel and affirmed as to the remaining issues, and the case is remanded for further proceedings consistent with this opinion.

Real, District Judge, dissented.