STATE OF NEBRASKA, APPELLEE, v. EDWARD D. KENNEDY, APPELLANT.

176 N. W. 2d 12

Filed April 3, 1970. No. 37448.

William D. Staley, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

In 1959 the defendant was convicted of possession of burglary tools and carrying concealed weapons. He was sentenced to 15 years' imprisonment on each count as an habitual criminal. The conviction was affirmed by this court in Kennedy v. State, 171 Neb. 160, 105 N. W. 2d 710.

The defendant has now moved to vacate these sentences. The defendant contends that his conviction for burglary in 1946 upon a plea of guilty was void because he was denied effective assistance of counsel. The defendant testified, by deposition, that he did not have counsel except at the time of sentencing.

The defendant was charged with breaking and entering an ice cream store in Omaha, Nebraska, on August 8, 1946. The defendant admits that he was apprehended by the police inside the building. An information was filed the following day and the defendant brought before the district court. The record then recites:

"Whereupon, it appearing that said defendant is in indigent circumstances and unable to employ counsel, it is ordered by the Court that the Public Defender be and hereby is appointed to represent defendant.

"Thereupon said defendant waives the filing of a complaint, preliminary examination, service of a copy of the information heretofore filed herein and the time provided by law before being required to answer thereto, and is, with his assent, arraigned for plea. The information being read to him for plea thereto, said defendant says he is guilty of Burglary as charged therein.

"Whereupon sentence is deferred and said defendant is remanded to custody of the Sheriff to await sentence."

The records of the office of the public defender show that the defendant was interviewed on August 9, 1946, and that the defendant was then on parole from the Industrial School for breaking and entering.

Edward T. Hayes, a former assistant public defender, testified that it was always the practice to interview

the prisoner prior to the time that a plea was entered. Mr. Hayes stated that he recognized the handwriting on the defendant's interview card as that of Mr. Lovely who was the public defender at that time but is now deceased.

The record will sustain a finding that the public defender was appointed as counsel for the defendant and conferred with him prior to arraignment. Although the appointment of counsel and the arraignment of the defendant occurred the same day, this does not establish that the defendant was deprived of the effective assistance of counsel. Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349.

The facts and circumstances of the offense were not such as to require investigation by counsel, and a plea of guilty was appropriate. The record sustains the judgment of the district court denying the motion to vacate.

The judgment of the district court is affirmed.

AFFIRMED.