STATE OF NEBRASKA, APPELLEE, V. ALBERT G. WAGNER, APPELLANT.

177 N. W. 2d 743

Filed June 5, 1970. No. 37475.

Glen A. Fiebig, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant pleaded guilty to grand larceny and was sentenced to imprisonment for 1 to 3 years. The defendant has appealed and contends that he did not have the effective assistance of counsel in the district court.

The defendant was represented in the district court by a lawyer who was the substitute county judge in that county. There is no contention that this lawyer had any connection with the case in his capacity as substitute county judge.

The defendant argues that a substitute county judge is disqualified from acting as defense counsel because of the conflict of interest that exists due to the fact that he is a substitute county judge. It is well recognized that lawyers who also serve as prosecutors or judicial officers should not be appointed as defense counsel where there are other lawyers available to represent the accused. However, the practice has been tolerated where there are not sufficient members of the bar available locally to do otherwise. A substitute county judge is not disqualified as a matter of law from serving as defense counsel for an indigent defendant. See, Goodson v. Peyton, 351 F. 2d 905; Jones v. Baker, 406 F. 2d 739.

The record shows that a cashier's check in the amount of $2,180.90 was stolen from the mobile home of Joe

Edward Crawford in Box Butte County. The defendant had been in the vicinity of the mobile home shortly before the check was stolen. The check was in the defendant's possession when he was arrested at Ogallala that evening on a burglary warrant. The defendant admitted in open court that he had taken the check but denied taking three $100 bills that had been stolen at the same time.

The defendant's counsel obtained a reduction in the charge from burglary to grand larceny. The trial court carefully explained the rights of the defendant to him and the defendant stated that he had not been mistreated and that no threats or promises had been made to him. The record clearly establishes that the defendant voluntarily pleaded guilty with full knowledge of his rights and the consequences of the plea. There is no basis in this case upon which a claim of ineffective assistance of counsel can be sustained. See State v. Kennedy, *ante* p. 415, 176 N. W. 2d 12.

The defendant stated that he was an alcoholic and suffered from "ulcers" and "heart trouble." After accepting the plea of guilty the trial court continued the matter for pre-sentence investigation and the defendant was committed to the Hastings State Hospital for psychiatric examination and evaluation. The hospital report recommended that the defendant "be dealt with according to the usual provisions of the law" inasmuch as he was accountable for his actions, knew right from wrong, and was competent to stand trial.

The record indicates that the defendant had seven prior felony convictions and that there were detainers from Colorado and Wisconsin lodged against him. The sentence imposed was not excessive.

The judgment of the district court is affirmed.

AFFIRMED.