**Frank LAWSON, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–75–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 16, 1970.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis*. This petition was originally filed in the United States District Court for the Eastern District of Virginia at Richmond which ordered the case transferred to this court on July 17, 1970.

On October 3, 1958 petitioner was convicted after a guilty plea in the Circuit Court of Tazewell County for the crime of first degree murder. He was represented by a court-appointed attorney. The case was tried by a judge without a jury and a life sentence was imposed on the petitioner, who now seeks to void this conviction as unconstitutionally obtained.

Petitioner asks that this conviction be set aside on the following grounds:

(1) he was not given a preliminary hearing;

(2) he was not served a warrant for murder;

(3) he was inadequately represented by counsel in that (a) his attorney failed to investigate thoroughly to determine his best defenses, specifically, intoxication and insanity, (b) his attorney advised him that if he plead not guilty and went before a jury there was "a distinct possibility" of receiving a death sentence, (c) his counsel failed to call some witnesses who would have been favorable to the petitioner, and (d) his attorney did not cross-examine any witnesses against the accused although the petitioner asked him to do so;

(4) petitioner was not advised of his right to appeal; and

(5) the petitioner cannot get an impartial hearing on these matters in the Circuit Court of Tazewell County.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Tazewell County which denied the writ after a hearing. The Supreme Court of Appeals of Virginia denied a writ of error to this judgment. Subsequently a petition for a writ of habeas corpus was submitted to this court which denied relief without a hearing by judgment dated December 4, 1967. Lawson v. Peyton, 276 F.Supp. 278 (W.D.Va.1967).

█ Petitioner's allegations numbered 1, 2 and 4 were fully considered by this court on the merits in the opinion above cited. No good reason appears why these allegations should again be considered by this court and the court believes that the ends of justice would not be met by again reaching them. *See generally* Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

█ In the prior petition a general allegation of ineffective assistance of counsel was made. More particularized allegations are made in the present petition. Three of these grounds were raised in the state court habeas corpus hearing: the fear of the death penalty as motivating a guilty plea, the failure of counsel to cross-examine witnesses, and the failure of counsel to call favorable witnesses. These points were specifically discussed by this court in its opinion and judgment on the prior petition. The implied findings of fact of the state court habeas corpus hearing were accepted and these issues have been resolved against the petitioner. Therefore the only allegation as to ineffective assistant of counsel which this court has not previously considered is the complaint that his attorney did not determine his best defenses. The answer to the complaint of counsel's failure to interpose an insanity defense is that

the petitioner was actually committed to the Southwestern State Mental Hospital and found "mentally competent and able to stand trial on the charges pending against him." It is apparent that counsel investigated this possibility and disregarded it as not being appropriate under the circumstances. It should be noted that although the petitioner had been in trouble with the law a number of times previously, there was no record of any prior mental trouble. In James v. Boles, 339 F.2d 431 (4th Cir. 1964) a denial of habeas corpus relief was affirmed where the petitioner's counsel had failed to raise the insanity defense although the defendant had previously been committed to a mental hospital. In that case counsel had good reason to believe that the accused was not insane at the time or at the time when he had previously been committed to the hospital.

As to the question of intoxication, the pre-sentence report in the record indicates that the petitioner took the stand and related his story of the events, including the fact that he had been drinking. Deputy Sheriff Harman testified that the defendant had been drinking but that he was not drunk. It is clear that petitioner's account was before the court for its consideration. The court is of the opinion that this objection is without merit. Petitioner confessed his guilt in open court and he should not now be able to escape the consequences of his plea. He has not shown that his plea was not voluntarily or understandingly given.

Petitioner's final claim is that he cannot receive a fair and impartial hearing on these allegations in the Circuit Court of Tazewell County because the first habeas corpus hearing was heard before the same judge who presided at the original trial and because he was represented at this hearing by a friend of the attorney who represented him at the original trial. It is sufficient answer to this complaint to note that a reading of the transcript of the habeas corpus hearing indicates that it was conducted in a courteous manner, that his attorney presented his case vigorously and fully, and that the court resolved the issues against the petitioner on the basis of competent evidence admitted at the hearing.

For the foregoing reasons the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

(1) the party or parties taking the appeal;

(2) the judgment, order or part thereof appealed from; and

(3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.