**Thomas R. ROBERTS, Petitioner,**

v.

**COMMONWEALTH OF VIRGINIA, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–20–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Oct. 20, 1970.

Thomas R. Roberts pro se.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

Petitioner, Thomas R. Roberts, is in custody of the Commonwealth of Virginia pursuant to two judgments and sentences imposed by the Circuit Court of Augusta County on May 1, 1968, after entering pleas of guilty to both charges. He is serving concurrent sentences of eighteen years for statutory burglary and ten years for possession of burglary tools. He seeks relief by way of habeas corpus.

Petitioner and three companions were apprehended by state and local police officers in the early morning hours of November 12, 1967, in the warehouse portion of the Peeler Oil Company, Inc., in Augusta County. They were observed in the vicinity of a safe which had been removed from the front office of the company and in the immediate vicinity of two pistols, ammunition and various burglary tools, including a pinch bar and cutting torch. One of the petitioner's companions was engaged in an effort to open the safe.

The following grounds for federal habeas corpus relief have been raised in this court:

(1) Illegal interrogation while in illegal detention;

(2) Coerced guilty plea;

(3) Denial of appeal;

(4) Ineffective representation of counsel; and

(5) Denial of effective state habeas corpus hearing.

Respondent admits in his answer that petitioner has exhausted available state remedies with the exception of the fifth allegation. That allegation affords no basis for issuance of the writ, but only as a basis for jurisdiction of this court. Therefore, the fifth ground will not be considered further. The record of the state court proceedings, including the trial transcript together with the accompanying exhibits, disclose that petitioner's remaining allegations are also without merit.

First, petitioner contends that he was illegally detained and illegally interrogated. His present detention relates to the judgments and sentences now under attack. However, his remedy for illegal detention prior to trial would have been by petition for writ of habeas corpus at that time. See Lacey v. Palmer, 93 Va. 159, 24 S.E. 930 (1896), an original proceeding in which relief was granted. The legality of the detention prior to trial has since been rendered moot.

The interrogation which is alleged to have been illegal produced no confession from petitioner. Illegal interrogation affects only the admissibility into evidence of any statements or confessions which were the product of such interrogation under the exclusionary rule doctrine. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Here, petitioner pleaded guilty.

Indeed, no confession was necessary in light of his plea. That ground is not well taken.

■ Second, petitioner contends that his guilty plea was coerced. He alleges that his lawyer threatened him with thirty years if he did not plead guilty. Petitioner filed an affidavit in his state habeas corpus proceeding, however, which contains the following pertinent statements:

" * * * [T]he defense counsel informed his client that he could *guarantee* nothing less than thirty years if he insisted on a jury trial, but that the Commonwealth's Attorney and the sheriff had agreed to a sentence of eighteen years for a guilty plea. [Emphasis added]

"Your petitioner was in a difficult situation, you might say between the devil and the deep blue sea. He had to decide on whether to defy counsel's advice and insist on a jury trial and possibly get thirty years, or accept eighteen years as a 'fix' which the counsel had arranged with the Commonwealth's Attorney.

"Your petitioner, having no formal legal training, accepted the term of eighteen years through fear of receiving thirty years in a jury trial."

Taken in a light most favorable to petitioner, the facts he alleges cannot be taken as a threat and do not amount to coercion. They show no more than advice from competent counsel and that petitioner was faced with an admittedly difficult decision. Counsel's advice cannot be said to have amounted to mental coercion overbearing the will of the petitioner. Here, the Commonwealth had a strong case against petitioner. He was apprehended in the act of committing the crimes with which he was charged. Three police officers were available to testify against him, as well as one of his companions who had already pleaded guilty and been sentenced. The burglary tools were also available to be used as evidence against him. Certainly counsel could not guarantee him any less than

the statutory maximum for the crimes with which he was charged—thirty years. No doubt petitioner was confronted with a difficult decision, but he had the absolute right to trial by jury on a plea of not guilty, which he deliberately did not choose. Coercion cannot be made to depend upon the degree of difficulty in choosing whether to plead guilty or not guilty. This court finds that he made his choice freely and intelligently and not as the result of any threats or coercion exerted upon him by counsel. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■ Third, petitioner contends that he was denied the right to appeal. The record discloses that petitioner was granted a belated appeal and therefore that ground need not be considered further. Thacker v. Peyton, 264 F.Supp. 997 (W. D.Va.1968); Via v. Peyton, 306 F.Supp. 1153 (W.D.Va.1969).

■ Fourth, petitioner contends that he was denied effective representation of counsel. He alleges that counsel did not confer with him until the morning of the preliminary hearing; that counsel threatened him with a sentence of thirty years; and that counsel failed to perfect his appeal. The issues concerning petitioner's belated appeal and the alleged coercion by his counsel have already been discussed. Failure of counsel to confer with petitioner until the morning of the preliminary hearing, standing alone, does not entitle him to federal habeas corpus relief. Relief will be granted for ineffective representation of counsel only when there is a showing that the representation afforded him was so lacking that the trial amounted to no more than a farce and a mockery of justice. Root v. Cunningham, 344 F.2d 1 (4th Cir.) cert. denied 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965); Lawson v. Peyton, 276 F.Supp. 278 (W.D.Va. 1967). Here, the preliminary hearing was held February 20, 1968, and the trial was held two months later on May 1, 1968. There is no other allegation that counsel did anything that should not have been

**1314**

done, or failed to do anything that should have been done. Both the trial court and the Supreme Court of Appeals of Virginia found that petitioner was ably represented by his retained counsel. The record of the trial court shows that petitioner was satisfied with the performance of his counsel:

"JUDGE MOFFETT: Are you satisfied with the representation of your attorneys, Mr. Natkin and Mr. Taylor, up to this point?

"MR. ROBERTS: Yes, sir."

Petitioner obviously did not become dissatisfied with his attorneys' performance until after he had begun serving his sentence.

■ Upon an examination of the record, the court finds that petitioner is not being detained in violation of the Constitution or laws of the United States. The records of the state court are complete, and no further hearing is required to develop the facts surrounding petitioner's claims. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962).

An order is this day entered dismissing the petition.