Arthur Thomas KOST, Petitioner,

v.

J. D. COX, Superintendent, Virginia State
Penitentiary, Respondent.

Civ. A. No. 69–C–89–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 21, 1970.

Arthur Thomas Kost, pro se.

Edward J. White, Asst. Atty. Gen.,
Richmond, Va., for respondent.

WIDENER, District Judge.

Petitioner, Arthur Thomas Kost, is
presently detained by the Commonwealth
of Virginia pursuant to a judgment of
the Circuit Court of Wise County. He
was convicted of robbery upon a plea of
guilty and on July 27, 1964 sentenced to
sixteen years imprisonment. Petitioner
seeks a writ of habeas corpus, alleging
the following grounds for relief:

(1) Ineffective assistance of court-
appointed counsel;

(2) Prejudicial pre-trial lineup;

(3) Coerced guilty plea;

(4) Ineffective assistance of counsel in that a substitute county judge represented him;

(5) Arrest without probable cause;

(6) Illegal search and seizure;

(7) Denial of the right to have a material witness at the state habeas corpus hearing; and

(8) Denial of effective representation of counsel at the state habeas corpus hearing by the attorney failing to call witnesses.

■ Available state remedies have been exhausted with the exception of ground number eight, which is raised for the first time in this court. No decision has been cited, and this court is aware of none holding that ineffective representation of counsel at a state habeas corpus hearing affords grounds for federal habeas corpus relief. That claim is not well taken and will not be considered further in the context of affording grounds for relief from the conviction.

On February 29, 1964, at approximately 8:30 p. m., petitioner and two companions, occupants of an automobile answering the description of the getaway car used in the robbery of a supermarket earlier that same evening, were stopped by two county sheriff's deputies. In the ensuing search of the automobile, two weapons and a quantity of money were found. Petitioner and the two others were taken to headquarters for questioning and then to the supermarket, where they were made to stand in a lineup. The three were subsequently charged with committing the robbery. During interrogation, petitioner's two companions made statements exculpating themselves and inculpating petitioner. Petitioner never made any statement or confession. He was indicted for robbery, entered a plea of guilty, and was convicted and sentenced.

An examination of the record before this court, which consists of the state record, trial transcript, and state habeas corpus record and transcript which includes a written opinion by the trial judge, discloses that petitioner is not entitled to relief. The findings by the state judge are presumed to be correct, 28 U.S.C. § 2254(d), and, in any event, are supported by the record here.

■ Petitioner contends that he was denied effective representation of counsel. The evidence adduced at the state habeas corpus hearing discloses that petitioner retained counsel for his preliminary hearing, and when he could not afford representation for the trial of the case, an attorney was appointed by the court to represent him, a full three months before his trial. The uncontradicted evidence shows that his attorney was experienced and diligent in the representation of petitioner. He thoroughly investigated the case, talked to the arresting officers, the manager and employees at the supermarket, petitioner's family, and petitioner's two co-defendants. He had petitioner sent for a mental examination. Counsel conferred at length with petitioner on at least two occasions before trial as well as the morning of trial. He explained to petitioner his right to a jury trial and told him the consequences of pleading either not guilty or guilty. He advised petitioner of the minimum and maximum punishment he could receive. Having determined from the investigation that the Commonwealth had a solid case against petitioner, counsel expressed his opinion to petitioner that on a jury trial he would probably receive 35–40 years and that on a plea of guilty he would probably receive only sixteen years.

Apparently, after serving many months of his sentence, petitioner does not recall his answers to questions propounded by the court at trial:

"THE COURT: Are you satisfied with the services your attorney has rendered you * * * Mr. Kuczko?

"DEFENDANT ARTHUR KOST: Yes, your Honor.

"THE COURT: You have no complaint about that?

"DEFENDANT ARTHUR KOST: No, sir."

■ Habeas corpus relief based on a claim of ineffective assistance of counsel will be granted only where there is a showing that the representation afforded the petitioner was so lacking that the trial amounted to no more than a farce and a mockery of justice. Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965) cert. denied, 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104; Lawson v. Peyton, 276 F.Supp. 278 (W.D.Va.1967). The record discloses that petitioner was represented by experienced, competent and able counsel, and this court finds that he was not denied effective representation.

[4, 5] Petitioner claims that the circumstances surrounding his pre-trial lineup at the supermarket were prejudicial and violative of his constitutional rights. The evidence in the record is in conflict, but petitioner testified that he was handcuffed during the lineup at the supermarket. He apparently contends that the illegality of the lineup tainted his subsequent in-court identification. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). That contention is without merit for three reasons. First, petitioner pleaded guilty and thus identified himself. Bloombaum v. United States, 211 F.2d 944 (4th Cir. 1954). Second, the decision in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), applies only to confrontations occurring after June 12, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Third, the question of admissibility of the in-court identification does not survive the guilty plea. See United States v. Ford, 363 F. 2d 375 (4th Cir. 1966); Kellam v. Cox, 309 F.Supp. 1075 (W.D.Va.1970).

■ Petitioner alleges as his third ground that he was coerced into entering a guilty plea. He testified at the state habeas corpus hearing that he was threatened and beaten by the police and state hospital officials during his detention before trial. The record discloses that petitioner was interrogated on numerous occasions after his arrest. It also shows that he was a troublesome and rowdy prisoner and on one occasion had to be subdued by force. He tried to escape, and hacksaw blades were found in his possession. No more force was used on Kost than was necessary to keep a minimum of order in the jail.

The alleged coercive conduct occurred five months before trial. There is evidence showing that he was allowed to use the telephone and that he talked with members of his family before trial. He was given a mental examination and found to be competent to stand trial. Counsel conferred with petitioner and informed him of the alternative pleas he could enter, their consequences, and of the evidence the Commonwealth had against him. Petitioner voiced no complaint of threats or coercive conduct to either his attorney, the court, or his family until after he began serving his sentence, even though there was ample opportunity to do so earlier. This court finds that the alleged coercive conduct of the police and other authorities, if any, had no overbearing effect on the will of petitioner at the time he entered his plea, Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and that petitioner's guilty plea was intelligently and voluntarily made, Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). See generally Malloy v. Hogan, 378 U. S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

■ Petitioner alleges as a fourth ground for relief that he was ineffectively represented because his attorney was also a substitute county judge. Petitioner had the chance at his state court habeas corpus hearing to show prejudice, but confined his proof to the naked fact that his attorney was the substitute county judge. This court finds that he has not shown any actual prejudice, and therefore treats the allegation as raising the issue of whether there was a conflict of interest which denied petitioner his 6th Amendment right to

effective representation of counsel as a matter of law.

The court in Goodson v. Peyton, 351 F.2d 905 (4th Cir. 1965), while questioning the propriety of a similar practice, withheld habeas corpus relief where an attorney appointed by the state court to defend appellant at his state trial on an escape charge was also the Commonwealth's attorney for a neighboring county. The court admitted that conflicting interests were possible but found that none in fact existed. It clearly stated that:

" * * * a lawyer representing multiple defendants whose interests are conflicting cannot act with that degree of loyalty which effective representation requires. He cannot do so if he has conflicting commitments to other clients not on trial, *or if he is employed by the prosecuting sovereign and charged with duties relating to the investigation or prosecution of that case.*" [Emphasis added] 351 F.2d 905 at 908.

There is no question that substitute county judges are employed by the Commonwealth of Virginia, the prosecuting sovereign in the case at bar. 1950 Code of Virginia, § 16.1–50, § 14.1–40, et seq. (1968 Supp.). This court reads *Goodson* as requiring more than employment by the Commonwealth before a conflict of interest arises. It also requires some connection relating to the investigation or prosecution of the case. See Kelly v. Peyton, 420 F.2d 912 (4th Cir. 1969).

In *Kelly,* the defense attorney was also the justice of the peace who issued the warrants for defendant's arrest. It was the responsibility of the justice of the peace to determine whether there was probable cause for the .defendant's arrest. The court held that there was a conflict of interest, noting that the defense attorney might be obliged to attack the very warrants he had authorized. No such conflict exists here.

The statutes of Virginia provide that county courts shall have exclusive original jurisdiction of all offenses against the ordinances of the county and all other misdemeanors. 1950 Code of Virginia, § 16.1–123 (1968 Supp.). County courts have no jurisdiction over felonies with the exception of conducting preliminary hearings. 1950 Code of Virginia, § 16.1–127 (1968 Supp.). Substitute county court judges are appointed for a term of four years by the circuit court judge having jurisdiction within the area served by the county court, and the circuit court judge may exercise general administrative supervision of the county court. 1950 Code of Virginia, §§ 16.1–7, 20 & 41 (1968 Supp.). The duties of the office of a substitute county judge *do not dictate an inevitable clash of interest* when he acts as defense counsel in a state felony prosecution before a state judge in a court of record, under state law, by state prosecuting attorneys. Jones v. Baker, 406 F.2d 739 (10th Cir. 1969). In the case at bar, the evidence fails to show that petitioner's attorney had any duties relating to the investigation or prosecution of the case. The court finds that no conflict of interest existed, either in law or in fact.

■ The claims asserted by petitioner in grounds five and six do not survive a voluntary plea of guilty. See United States v. Ford, 363 F.2d 375, 376 (4th Cir. 1966). They will not be discussed further.

■ The seventh claim alleges the denial of the right to have a material witness at the state habeas corpus hearing. That claim affords no ground for federal habeas corpus relief. It goes only to the principle announced in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), that petitioner be afforded a full and fair hearing. For the reasons which follow, this court finds that that requirement has been met.

Petitioner wanted to call a fellow prisoner who had been present at the Wise County jail during the alleged coercive conduct of the police following petitioner's arrest. At a deposition conducted at the State Penitentiary by agreement of counsel, prior to the state habeas corpus hearing, the witness in question refused

to continue his testimony when the Commonwealth's Attorney objected to one of his answers. He insisted that he would only give his testimony in open court. The court refused to grant a petition for a writ of habeas corpus ad testificundum for the witness to appear and testify at the state habeas corpus hearing. Instead, his deposition and, by agreement of counsel, a stipulation of facts as to what the witness would have testified to had he appeared in court was introduced into the record. This court finds that the procedure followed by the trial court did not abridge petitioner's right to a full and fair hearing.

■ If by his eighth ground petitioner suggests that a separate hearing is required in this court because his attorney failed to call witnesses in the state habeas corpus proceeding, the answer is that their evidence, assuming it corroborates petitioner's in every detail, would be unavailing. The only witnesses he could refer to are Sargent, Blair and Couch, a co-defendant, as mentioned on pp. 12, 13 of the transcript of the state habeas corpus hearing. Sargent and Blair would have testified about the lineup, and were in the Wise County jail when the lineup was made. Since the method of conducting the lineup is immaterial in this case, their testimony, assuming it corroborated Kost's in each particular, would avail him nothing. Since the lineup was in the parking lot of the grocery store which had been robbed, in Coeburn, and the Wise County jail is in Wise Courthouse, miles away, it is inconceivable how they could have seen the lineup in any event. The third alleged missing witness, Couch, a co-defendant, in Ohio at the time of the state habeas corpus hearing, supposedly was needed to testify about the atmosphere at the trial, and the alleged coercion, tactics, etc. Assuming, for the purposes of argument, that his testimony would corroborate Kost's, it could not help the petitioner.

The court has examined the record of the state criminal trial and the state habeas hearing, both of which are full and complete. In the opinion of the court, Kost had a full and fair opportunity in the state hearing to review his conviction on collateral attack. All the facts surrounding his conviction have been fully developed at the state hearing, and no further evidence is required to pass on his contentions. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

This court, having carefully examined the record, finds that petitioner is not detained in violation of the Constitution or laws of the United States. An order is this day entered dismissing the petition.