STATE OF NEBRASKA, APPELLEE, v. MERENUS GEORGE NORGARD, APPELLANT.

184 N. W. 2d 632

Filed March 12, 1971. No. 37692.

D. C. Bradford of Monsky, Grodinsky, Cohen, Garfinkle & Zweiback, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Merenus George Norgard was convicted and sentenced for the crime of auto theft after a plea of guilty. Some months later, he filed a motion to vacate conviction and sentence under the Post Conviction Act. After a full evidentiary hearing the motion was overruled.

The defendant claims that he was deprived of the effective aid and assistance of counsel. He testified that he never talked to any lawyer until 20 minutes before he was sentenced on December 18, 1968. On November 25, 1968, the defendant appeared and waived

preliminary examination. On the same date, he had an interview with an attorney on the public defender's staff. He had an additional interview on December 4, 1968, with a different public defender. On December 5, 1968, the district court appointed the public defender to represent the defendant. On the same day, and with the same attorney who had interviewed him the preceding day, the defendant appeared in the district court and entered a plea of guilty. The record establishes beyond doubt that the defendant admitted his guilt, and that his plea of guilty was knowingly, intelligently, and voluntarily made. On December 18, 1968, the defendant appeared in court with another lawyer from the public defender's staff and was sentenced.

Although the record shows that the formal court appointment of counsel and the arraignment of the defendant occurred on the same day, this does not establish that the defendant was deprived of the effective assistance of counsel. State v. Kennedy, 185 Neb. 415, 176 N. W. 2d 12.

The fact that interviews with the defendant were conducted by different attorneys on the public defender's staff prior to arraignment does not establish ineffective assistance of counsel. Here the facts and circumstances were such that extensive investigation by counsel was not necessary, and a plea of guilty was entirely appropriate.

The district court, after thorough consideration, denied the motion to vacate. That judgment was correct and is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.